IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANNY IBARRA, | ) | |
| Petitioner, | ) | No. C 09-4006 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| ROBERT A. HOREL, et al., | ) | (Docket # 2) |
| Respondent(s). | ) | |

I.

Danny Ibarra, a state prisoner serving an indeterminate sentence of 42 years to life in state prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his placement and retention in administrative segregation in Pelican Bay State Prison's Secure Housing Unit (SHU) on the basis of association with the Mexican Mafia (EME) prison gang. Ibarra claims he was denied due process in connection with his validation as an EME associate and that his placement and retention in the SHU further violates his rights to due process.

Ibarra also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. Based solely on Ibarra's affidavit of poverty, his request to proceed in forma pauperis (docket # 2) is granted.

II.

The Ninth Circuit has made clear that habeas jurisdiction is absent, and a 42 U.S.C. § 1983 action proper, where, as here, a successful challenge will not necessarily shorten the prisoner's sentence.  See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  The effect of Ibarra's validation as an EME associate, and placement and retention in the SHU, on his possible release on parole is too attenuated to compel a different result.  Cf. Burnsworth v. Gunderson, 179 F.3d 771, 774 n.3 (9th Cir. 1999) (possibility that prisoner having conviction/ disciplinary finding on record may result in denial of parole eligibility at some later date too attenuated to amount to denial of a protected liberty interest).

III.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED without prejudice to Ibarra filing a civil rights complaint under 42 U.S.C. § 1983.

The clerk is instructed to terminate all pending motions as moot, enter judgment in accordance with this order and close the file.  The clerk also is instructed to send Ibarra a blank prisoner's civil rights complaint form.

SO ORDERED.

DATED:   November 13, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.09\Ibarra, D2.dismissal.wpd

2